7588. MERIWETHER *v.* MERIWETHER.

WADE, C. J. 1. There is no substantial merit in the two special grounds of the motion for a new trial, complaining of the admission of testimony as to previous statements made by one who was not the agent of the defendant, and not made in her presence or by her authority, in disparagement of her title to the property sued for, since it appears from the note of the presiding judge that this testimony was tendered solely for the purpose of impeachment, and it further appears that no objection was then made to the testimony upon the ground that proper foundation for its admission for this purpose had not been laid, and the record discloses that the person to whom the statements objected to were attributed was afterwards sworn and testified directly and positively to the contrary of one of the said statements, and denied altogether that he had made the other statement. Under the particular facts of this case, as the witness was thereafter sworn and examined on the precise points involved, the defendant ·was not, harmed by the admission of the impeaching testimony in advance of the testimony which it was sought to impeach.

(*a*) The evidence of a witness (delivered after proof of previous contradictory statements by him) that his wife, the defendant, had never given the property in dispute to her deceased son, under whom the plaintiff claimed title, which testimony was offered by and in behalf of the defendant and was received without objection, was material (and hence testimony tending to impeach the witness by proof of contradictory statements was admissible), since the witness testified to a substantive fact of which he claimed to have knowledge.

2. There was evidence to support the verdict, and the court did not err in overruling the motion for a new trial. *Judgment affirmed.*

DECIDED NOVEMBER 16, 1916.

Trover; from Jasper superior court—Judge Park. May 26, 1916.

*Doyle Campbell,* for plaintiff in error. *E. M. Baynes,* contra.